**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 04-4694**

───────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY JEROME BROWN,

Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-13)

───────────────

Submitted: July 29, 2005        Decided: September 23, 2005

───────────────

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

───────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

───────────────

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Anthony Jerome Brown appeals the thirty-nine month sentence imposed after he pled guilty to escaping from the custody of the United States, in violation of 18 U.S.C. § 751(a) (2000). He asserts that his sentence violates the Sixth Amendment.[1] Brown does not challenge his conviction. Accordingly, we affirm his conviction, vacate his sentence, and remand for further proceedings.

On September 26, 2003, while an inmate at the Troy House Community Corrections Center in Durham, North Carolina, Brown escaped. Brown remained at large until December 31, 2003, when he was apprehended in Roxboro, North Carolina, following a high speed chase, an altercation with the arresting officer, and an attempted carjacking. After Brown entered his guilty plea to violating § 751(a), but before sentencing, the Supreme Court rendered its decision in Blakely v. Washington, 542 U.S. 296 (2004).

At sentencing, the district court established a base offense level of thirteen, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2P1.1(a)(1) (2003). Brown received a five-level increase for use of force against the arresting officer pursuant to USSG § 2P1.1(b)(1), a two-level increase for reckless endangerment

---

[1]Brown also challenges the facts supporting the enhancement for use of force. We need not resolve that issue at this time. See United States v. Hughes, 401 F.3d 540, 546 n.15 (4th Cir. 2005).

- 2 -

during flight pursuant to USSG § 3C1.2, and a three-level downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1. Brown's corresponding sentencing range for a total offense level of seventeen and a criminal history category of IV was thirty-seven to forty-six months of imprisonment. Over Brown's objection based upon Blakely, the district court sentenced Brown to thirty-nine months in prison.

On appeal, Brown argues that both enhancements violate his Sixth Amendment rights. Because Brown preserved this issue, this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) ("If a defendant has made a timely and sufficient Apprendi[2] sentencing objection in the trial court, and so preserved his objection, we review de novo."). When a defendant preserves a Sixth Amendment error, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." Id. (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir. 2005) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)).

Although Brown pleaded guilty to escaping, a close review of the plea agreement and Fed. R. Crim. P. 11 colloquy reveals that

---

[2]Apprendi v. New Jersey, 530 U.S. 466 (2000).

Brown did not admit to the facts that underpinned the sentencing enhancements for use of force or reckless endangerment during flight. Rather, the relevant facts were found by the district court at sentencing by a preponderance of the evidence. Accordingly, because the district court's sentencing enhancements were based upon facts not admitted to by Brown, we conclude that they were applied in error.[3] Brown's recalculated guidelines range without the two judicial enhancements would be twenty-four to thirty months based upon an offense level of thirteen[4] and a criminal history category of IV. We therefore conclude that this error is not harmless.

Accordingly, we affirm Brown's conviction, vacate Brown's sentence, and remand to the district court for resentencing.[5] We

--------

[3]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Brown's sentencing.

[4]See United States v. Evans, 416 F.3d 298, 300 n.4 (4th Cir. 2005) (noting that, in determining whether Sixth Amendment error occurred, sentence imposed must be compared to permissible guideline range before adjusting for acceptance of responsibility).

[5]Although the sentencing guidelines are no longer mandatory, United States v. Booker, 125 S. Ct. 738, 767 (2005), makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." On remand, the district court should first determine the appropriate sentencing range under the guidelines. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. & n.5. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C.A. § 3553(c)(2) (West Supp.

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,
<u>VACATED IN PART</u>,
<u>AND REMANDED</u>

---

2005). <u>Id.</u> The sentence must be within the statutorily prescribed range and reasonable. <u>Id.</u> at 547.